IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TUSKEGEE UNIVERSITY; GEMECHU ) | Case No.: 3:24-cv-00360-KFP |
| WIRTU; SHAIK JEELANI; RUBY PERRY; ) | |
| OLGA BOLDEN-TILLER, individually and ) | |
| in their official capacities, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S**
**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Tuskegee University, Gemechu Wirtu, Shaik Jeelani, Ruby Perry, and Olga Bolden-Tiller (collectively "Defendants") Answer Plaintiff's Complaint and state as follows:

**I.   Jurisdiction**

1.   Defendants admit that Plaintiff seeks to pursue the claims and damages asserted in Paragraph 1 of the Complaint and that this Court has jurisdiction over the statutes cited. Defendants specifically deny violation of any of the statutes or laws cited and specifically deny Plaintiff is entitled to the damages requested or any other damages.

**II.   Parties and Venue**

2.   Defendants admit that Plaintiff is an adult, black male who, upon information and belief, is a citizen of the United States and the State of Alabama. Defendants also admit that Plaintiff was employed by Tuskegee University, which is located within the Middle

District of Alabama and, therefore, venue is proper. Defendants deny that "all acts complained of in this Complaint" occurred.

3. Defendant Tuskegee admits that: (1) it is located in Macon County, Tuskegee, Alabama; (2) it receives federal education funding; (3) Plaintiff was a student in the Tuskegee University College of Veterinary Medicine; and (4) it takes steps to address and correct sexual harassment and retaliation. Except as expressly admitted, Defendant Tuskegee denies the allegations of Paragraph 3 of the Complaint.

4. Defendants Wirtu and Tuskegee admit that Defendant Wirtu is an assistant professor at Tuskegee University and served as a member and co-chair of Plaintiff's dissertation committed. Except as expressly admitted, Defendants Wirtu and Tuskegee deny the allegations of Paragraph 4 of the Complaint.

5. Defendants Perry and Tuskegee admit that Defendant Perry is the Dean of the Tuskegee University College of Veterinary Medicine and was the co-chair of Plaintiff's dissertation committee. Except as expressly admitted, Defendants Perry and Tuskegee deny the allegations of Paragraph 5 of the Complaint.

6. Defendant Tuskegee admits that Defendant Jeelani was the Dean of Graduate Studies at Tuskegee University. Except as expressly admitted, Defendants deny the allegations of Paragraph 6 of the Complaint.

7. Defendants Bolden-Tiller and Tuskegee admit that Defendant Bolden-Tiller is the Dean of Tuskegee's College of Agriculture, Environment, and Nutrition Sciences and served as the co-chair/co-advisor of Plaintiff's dissertation advisory committee with Dr. Wirtu. Except as expressly admitted, Defendants Bolden-Tiller and Tuskegee deny the allegations of Paragraph 7 of the Complaint.

## III.     Facts

8.     Defendants admit the allegations of Paragraph 8 of the Complaint.

9.     Defendants admit the allegations of Paragraph 9 of the Complaint.

10.     Defendants Wirtu, Bolden-Tiller, and Tuskegee admit that Lauren Mayo, a female, was Dr. Bolden-Tiller's Ph.D. student and Dr. Wirtu's advisee. Except as expressly admitted, Defendants Wirtu, Bolden-Tiller, and Tuskegee deny the allegations of Paragraph 10 of the Complaint. Remaining Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the Complaint and therefore deny them.

11.     Defendants admit that Plaintiff filed a formal complaint with Tuskegee University regarding his allegations against Lauren Mayo. Except as expressly admitted, Defendants deny the allegations of Paragraph 11 of the Complaint.

12.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore deny them.

13.     Defendants admit that Plaintiff filed a formal complaint with Tuskegee University regarding his allegations against Lauren Mayo. Except as expressly admitted, Defendants deny the allegations of Paragraph 13 of the Complaint.

14.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and therefore deny them.

15.     Defendants admit that Plaintiff filed a formal complaint with Tuskegee University regarding his allegations against Lauren Mayo. Except as expressly admitted, Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants admit that Plaintiff filed a formal complaint with Tuskegee University regarding his allegations against Lauren Mayo. Except as expressly admitted, Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendant Wirtu admits that Plaintiff requested to be informed each time Lauren Mayo would be present in the lab at the same time as Plaintiff, and that this specific request was denied. Except as expressly admitted, Defendant Wirtu denies the allegations of Paragraph 17 of the Complaint. Remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint and therefore deny them.

18. Defendants admit that Plaintiff's complaint was referred to Dr. Aglan and Dr. Perry on or about February 22, 2021. Except as expressly admitted, Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore deny them.

20. Defendant Perry admits that she met with Plaintiff on or about March 8, 2021. Except as expressly admitted, Defendant Perry denies the allegations of Paragraph 20 of the Complaint. Remaining Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint and therefore deny them.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and therefore deny them.

22. Defendants admit that Plaintiff notified Tuskegee regarding his concerns. Except as expressly admitted, Defendants deny the allegations of Paragraph 22 of the Complaint.

23. Defendant Tuskegee admit that Plaintiff was referred to contact the General Counsel in November 2021. Except as expressly admitted, Defendants deny the allegations of Paragraph 23 of the Complaint.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint and therefore deny them.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint and therefore deny them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and therefore deny them.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and therefore deny them.

28. Defendants Tuskegee and Perry admit that Plaintiff filed a Title IX complaint against Dr. Perry on or about April 25, 2022. Except as expressly admitted, Defendants Tuskegee and Perry deny the allegations of Paragraph 28 of the Complaint. Remaining Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the Complaint and therefore deny them.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendant Jeelani is deceased and cannot provide information to admit or deny the allegations of Paragraph 31 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 31 of the Complaint and therefore deny them.

32. Defendants admit that Plaintiff filed a formal complaint with Tuskegee University on July 6, 2022. Defendants Wirtu and Perry admit they removed themselves from advising Plaintiff. Except as expressly admitted, Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants admit that Mia Maxwell issued a decision on August 10, 2022, in response to Plaintiff's complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 33 of the Complaint.

IV. **Count One – Deliberate Indifference to Sexual Harassment (20 U.S.C. § 1681 *et seq.*)**

34. Defendants reassert their responses to Paragraphs 1-33 of the Complaint, above, as though fully set forth herein.

35. Defendants admit that Plaintiff is male and Ms. Mayo is female. Except as expressly admitted, Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants Wirtu, Bolden-Tiller, and Perry admit that Plaintiff made complaints regarding Lauren Mayo. Except as expressly admitted, Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

V. **Count Two – Retaliation (20 U.S.C. § 1681 *et seq.*)**

40. Defendants reassert their responses to Paragraphs 1-39 of the Complaint, above, as though fully set forth herein.

41. Defendants admit the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

## VI. Count Three – Failure to Comply with Title IX (20 U.S.C. § 1681 *et seq*.)

49. Defendants reassert their responses to Paragraphs 1-48 of the Complaint, above, as though fully set forth herein.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Complaint.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

## VII. Count Four – Denial of Due Process (42 U.S.C. § 1983, and Fourteenth Amendment)

54. Defendants reassert their responses to Paragraphs 1-53 of the Complaint, above, as though fully set forth herein.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

## VIII. <u>Count Five</u> – Intentional Infliction of Emotional Distress

60. Defendants reassert their responses to Paragraphs 1-59 of the Complaint, above, as though fully set forth herein.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. Defendants deny the allegations of Paragraph 63 of the Complaint.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

## IX. <u>Count Six</u> –Breach of Contract

66. Defendants reassert their responses to Paragraphs 1-65 of the Complaint, above, as though fully set forth herein.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint.

## X. <u>Relief Sought</u>

72. Defendants deny Plaintiff's prayer for relief. Plaintiff is not entitled to the relief requested or to any other relief.

73. Defendants deny Plaintiff's prayer for relief. Plaintiff is not entitled to the relief requested or to any other relief.

74. Defendants deny Plaintiff's prayer for relief. Plaintiff is not entitled to the relief requested or to any other relief.

75. Defendants deny Plaintiff's prayer for relief. Plaintiff is not entitled to the relief requested or to any other relief.

**Affirmative Defenses**

1. Plaintiff's Complaint, in whole or in part, fails to state a claim on which relief may be granted.

2. Plaintiff's Title IX claims are barred because Defendants did not act with deliberate indifference.

3. Plaintiff's claims are barred, in whole or in part, to the extent that Defendants' actions were, at all times, lawful, reasonable, and not deliberately indifferent in any manner.

4. Plaintiff's claims are barred, in whole or in part, to the extent that all actions taken by Defendants were in compliance with all laws, were taken with justification, were privileged, and were absolutely privileged.

5. Plaintiff's claims must be dismissed to the extent that Defendants are entitled to qualified immunity.

6. Plaintiff's claims are barred, in whole or in part, based on the applicable statute of limitations.

7. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to meet the statutory and administrative prerequisite and/or conditions precedent to filing this action.

8. Plaintiff's claims are barred, in whole or in part, to the extent Defendants exercised reasonable care in promulgating and distributing a comprehensive retaliation policy and complaint procedure, Defendants took appropriate measures to correct any alleged

retaliation, and Plaintiff failed to reasonably take advantage of the corrective or preventive opportunities provided by Defendants.

9. Plaintiff's claims are barred, in whole or in part, by the Doctrines of Waiver, Estoppel, Collateral Estoppel, Res Judicata, "Unclean Hands", Ratification, Acquiescence, Laches, Consent, and Claim and/or Issue Preclusion.

10. Plaintiff is not entitled to some or all of the relief requested in the Amended Complaint; even if any unlawful conduct occurred, which Defendants deny, such conduct was prohibited by Defendant Tuskegee's policies and was not committed, condoned, authorized, permitted, countenanced, ratified, or approved by Defendant Tuskegee.

11. Plaintiff has failed to allege facts that support his claim that Defendants, in their individual capacity, violated Plaintiff's statutory or constitutional rights or caused him any injury or damages.

12. At all relevant times, Defendants acted in good faith and without violating any rights that may be secured to Plaintiff under any federal, state, or local laws, rule, regulations, or guidelines.

13. Plaintiff's claims are barred, in whole or in part, to the extent that Tuskegee did not violate Plaintiff's statutory or constitutional rights.

14. Plaintiff's claims are barred, in whole or in part, to the extent that any and all official or individual conduct by Tuskegee was in good faith and without malicious intent to deprive Plaintiff of his constitutional rights or to cause Plaintiff injury.

15. If the Court determines that Tuskegee did violate Plaintiff's rights, Tuskegee did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

16. Plaintiff's claims are barred, in whole or in part, to the extent that Tuskegee did not act with, and Plaintiff cannot prove that Tuskegee acted with, evil motive or discriminatory intent, or reckless or callous indifference to, Plaintiff's federally protected rights.

17. Plaintiff's claims are barred, in whole or in part, to the extent that Tuskegee's actions were not outrageous, intentional, reckless, intolerable, or highly offensive to a reasonable person, and Plaintiff has not suffered severe emotional distress as a result of Tuskegee's conduct.

18. Plaintiff's claims are barred, in whole or in part, to the extent Defendants were not a party to any contract with Plaintiff, and as such, lacked contractual responsibilities to Plaintiff.

19. Plaintiff's claim for damages is barred or reduced by Plaintiff's failure to mitigate such alleged damages and/or by Plaintiff's mitigation of damages.

20. To the extent Plaintiff seeks compensatory, liquidated, or punitive damages, such claims are barred because Defendants did not engage in any conduct that would rise to the level required to sustain such an award.

21. Even assuming that Plaintiff's allegations were sufficient to warrant an award of compensatory, liquidated, or punitive damages (and they are not), an award of such damages would be precluded by good faith efforts taken by Defendants to comply with federal law.

22. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks remedies beyond those that he would be entitled to receive under the statutory provisions or Constitutional Amendments at issue.

23. Plaintiff's claims for damages are limited in whole or in part by statute.

24. Plaintiff's claims are barred, in whole or in part, because of his own acts or omissions.

25. Plaintiff is not entitled to equitable relief as the Plaintiff has not suffered irreparable harm and has adequate remedies at law.

26. Defendants' actions or inactions were not the proximate, legal or substantial cause of any damages, injury or loss suffered by Plaintiff.

27. At the time this Answer is filed, discovery has not yet been completed, and accordingly, Defendants reserve the right to assert additional defenses or provide supplemental answers to Plaintiff's Amended Complaint if and when it becomes appropriate to do so.

Respectfully submitted this 3rd day of September, 2024.

*/s/ Lynlee Wells Palmer*
Lynlee Wells Palmer (ASB-4367-T82P)
Lynlee.Palmer@jacksonlewis.com
Samuel E. Black (ASB-6400-B12A)
Samuel.Black@jacksonlewis.com
**JACKSON LEWIS P.C.**
Synovus Center
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama  35209
Direct Dials:  205-332-3096/3103
Facsimile:  205-332-3131

**ATTORNEYS FOR DEFENDANTS GEMECHU WIRTU, SHAIK JEELANI, RUBY PERRY, AND OLGA BOLDEN-TILLER**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that on the 3rd day of September, 2024, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court via the Court's CM/ECF filing system to the following counsel of record:

Tiffany Nichelle Johnson-Cole, Esq.
**LAW OFFICES OF ROBERT SIMMS THOMPSON, PC**
308 North Elm Street
Tuskegee, AL  36083
tnijohnson@aol.com

Mia Hollingsworth, Esq.
4658 Presidential Parkway, Suite 1100
Macon, Georgia, 31206
Mia.hollingsworth@gmail.com

                             /s/ Lynlee Wells Palmer
                             Counsel of Record

4869-3680-3552, v. 1