IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-CV-360-KFP |
| ) | |
| TUSKEGEE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## UNIFORM SCHEDULING ORDER

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of court. All parties are expected to comply with each provision of this Order in a timely manner. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at www.almd.uscourts.gov.**

Under Rule 16, Federal Rules of Civil Procedure, the Court is required to set a schedule for discovery and the filing of motions. Accordingly, it is ORDERED as follows:

**SECTION 1. Trial and Pretrial Dates.** A pretrial conference is scheduled for **September 8, 2025, at 10:00 a.m.** in Courtroom 5A, Frank M. Johnson, Jr. U.S. Courthouse, Montgomery, Alabama. This case is set for a jury trial during the term of court beginning **November 3, 2025, at 10:00 a.m.** in **Opelika**, Alabama, before United States Magistrate Judge Kelly Fitzgerald Pate.

The parties are DIRECTED to prepare a joint proposed pretrial order, and Plaintiff must email the proposed order to the Court at propord_pate@almd.uscourts.gov in Word format by **September 2, 2025**. A sample pretrial order can be found on the Court's website at www.almd.uscourts.gov/about/rules-orders-and-procedures.

**SECTION 2. Dispositive Motions.** Dispositive motions, e.g., motions for summary judgment, must be filed by **May 12, 2025**. A brief and all supporting evidence must be filed with any dispositive motion. In all briefs, the discussion of evidence in the brief must include a specific reference, by page and line, to where the evidence can be found in a supporting deposition or document. **Failure to make a specific reference may result in the evidence not being considered by the Court.**

**Daubert motions** must be filed by the dispositive motions deadline unless the deadline is modified by the Court on motion of a party demonstrating good cause.

**SECTION 3. Mediation.** Middle District of Alabama Local Rule 16.1 concerning the *voluntary* nature of the Court's mediation program is hereby suspended and the following *mandatory* mediation obligation is to be followed. All other aspects of L.R. 16.1 continue to apply. No later than **April 11, 2025**, all remaining parties must mediate this case with either a private mediator mutually agreeable to the parties (and at a cost to be borne by the parties as they agree) or a magistrate judge free of charge. If the parties choose to mediate by a magistrate judge, they must notify the Court and provide the magistrate judge assigned for mediation with three agreed-upon dates for mediation. Not more than FIVE BUSINESS DAYS after mediation, counsel for the plaintiff must file a document titled "Notice Concerning Mediation." This notice must indicate whether settlement or a resolution was reached short of a trial.

**SECTION 4. Amendments to Pleadings.** Amendments to pleadings by motion or notice of consent under FED. R. CIV. P. 15 must be filed by the Plaintiff by **November 29, 2024**, and by the Defendant by **December 29, 2024**.

**SECTION 5. Class Certification.** Neither party has alleged that this is a class action. No motion for class certification may be filed without leave of the Court.

**SECTION 6. Responses to Motions.** The failure to file a response to any motion—either dispositive or non-dispositive—within the time allowed by the Court will indicate no opposition to the motion.

**SECTION 7. Discovery Cutoff.** All discovery must be completed by **April 11, 2025**.

**SECTION 8. Expert Witness Disclosures**. The parties must disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 701, 702, 703, or 705 of the Federal Rules of Evidence and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

Disclosures due from both parties by **January 10, 2025.**

Rebuttals due from both parties by **February 10, 2025.**

The parties must comply with all requirements of Rule 26(a)(2) regarding disclosure of expert testimony, and the disclosure will be considered to be in compliance with the rule unless an objection is filed within 14 days after disclosure.

**SECTION 9. Trial Witness Lists.** At least **42 days before trial,** each party must, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, file a list of all witnesses and provide to all other parties the addresses and telephone numbers of all witnesses, except witnesses to be used solely for impeachment, separately identifying those whom the party expects to call and those whom the party may call if the need arises. The witness list should include the names of any witnesses required to be disclosed under Section 8. Unless specifically agreed by the parties or allowed by the Court for good cause shown, the parties will be precluded from calling any witness not identified. Objections to any witness identified must be filed at least **28 days before trial** and must set out the grounds and legal authority. The offering party must file a written response to objections at least **21 days before trial**.

**SECTION 10. Deposition Designations.** At least **42 days before trial**, each party must, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, file deposition designations it expects to use at trial. Designations must be by page and line numbers, based on counsel's good faith opinion that they are relevant and admissible. Designation of entire depositions is not allowed. Within seven days after an original deposition designation, a party must file deposition designations it expects to use in response. Within three days after responsive deposition designations are filed, a party must file deposition designations it expects to use in rebuttal. Unless specifically agreed by the parties or allowed by the Court for good cause shown, a party may not use any part of a deposition or other document not designated unless used solely for impeachment. Objections to deposition designations are due **28 days before trial** and must state with particularity the portions objected to and attach a copy of the portions to which the objections apply. Responses to objections are due **21 days before trial**.

**SECTION 11. Trial Exhibits.** At least **42 days before trial**, the parties must, pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure, file exhibit lists and furnish opposing counsel for copying and inspecting all exhibits and tangible evidence to be used at the trial. **All evidence must be marked for identification before trial.** The list must identify specifically and separately by exhibit number each document to be offered, and general or bulk designations are not allowed. Unless specifically agreed by the parties or allowed by the Court for good cause shown, the parties may not offer evidence not furnished and identified unless used solely for impeachment. Objections to trial exhibits are due **28 days before trial** and must state the grounds and legal authorities and include a pre-marked copy of the evidence at issue. Responses to objections are due **21 days before trial**.

**SECTION 12. For Jury Trials:** Requested voir dire questions, motions in limine fully briefed, and proposed jury instructions with citations of law must be filed at least **42 days before trial** unless the time is shortened by the Court on motion by either party. Parties opposing proposed voir dire questions, proposed jury instructions, or motions in limine are required to file a response brief with citations of law at least **28 days before trial**. Trial counsel should review the Court's jury questionnaire to avoid duplication of matters addressed by the questionnaire, which is available at www.almd.uscourts.gov/jurors/juror-information.

**SECTION 13.** The parties are **directed** to schedule an appointment with the Automation staff at 334-954-3600 at least **28 days before trial** for training if they intend to use the courtroom's technological equipment during trial. Attorneys wishing to use a personal laptop during trial are required to bring all cables required for a connection.

**SECTION 14.** For jury trials, the term "trial date" means the date set for jury selection.

**SECTION 15. Discovery Plan.** Except to the extent of any conflict with the deadlines in this Order, the discovery plan contained in the Report of Parties' Planning Meeting is adopted and incorporated into this Order.

**SECTION 16. General Provisions.**

(A)   All briefs on any matter before the Court must be formal in format and filed with the Court. The Court does not accept "letter briefs" or "letter reports."

(B)   A motion for extension of a deadline (i) must be in writing; (ii) must indicate that movant has previously contacted counsel for all other parties in a timely manner; and (iii) must state whether the motion is opposed. A motion that fails to meet this requirement will be denied unless the movant offers a credible explanation for failing to comply. Absent stated unforeseen and unavoidable circumstances beyond the control of the movant, oral extension requests or motions are not allowed, and "eleventh hour" extension requests will be denied.

(C)   Any proposed order should be submitted to the Court (i) as an attachment to the motion in Adobe Acrobat PDF format and (ii) by emailing a copy to propord_pate @almd.uscourts.gov in Word format.

(D)   If any party objects to these deadlines, the party should inform the Court within 14 days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless modified by a subsequent order, this Order is binding on the parties.

Done this 30th day of September, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE