IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:24-CV-360-KFP |
| ) | |
| TUSKEGEE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is Plaintiff's Motion to Quash and Request for Protection From Noticed Deposition of Plaintiff's Attorney and Brief in Support of the Motion (Doc. 48), Defendants' opposition brief (Doc. 52), and Plaintiff's reply in support (Doc. 53). On April 7, 2025, the Court held a hearing on the motion. Upon consideration, it is ORDERED that the motion is DENIED.

**I.    BACKGROUND**

As relevant here, Plaintiff's counsel, Mia Hollingsworth, is not just counsel of record. Prior to her engagement, she took part in some of the underlying events at issue; Ms. Hollingsworth's involvement at that time was on behalf of Defendant Tuskegee University.

**A. Plaintiff's Counsel's Employment with Tuskegee University and Involvement in Underlying Events**

Ms. Hollingsworth was formerly employed by Tuskegee University as its Title IX Coordinator until October 16, 2023. Doc. 53 at 4. During her employment, Ms.

Hollingsworth participated in Plaintiff's interaction with the Title IX office and with matters that are at issue in this case. Doc. 34 ¶¶ 25–26, 29, 33.[1] For example, in January 2022, she was the Title IX Coordinator at Tuskegee University when she communicated with Plaintiff about his complaint, which was received by her office. Later, she communicated with Plaintiff when his complaint was transferred to the Graduate School. *Id*. at ¶¶ 25–29. Plaintiff then filed a formal complaint with the Title IX office in July 2022. *Id*. at ¶ 32. At that time, Ms. Hollingsworth was employed as the Title IX Coordinator for that office. In August 2022, Ms. Hollingsworth was involved in a decision issued by the Title IX office, which outlined the investigative findings on Plaintiff's retaliation complaint and found retaliation substantiated. *Id*. at ¶ 33. None of her actions on behalf of Tuskegee University as Title IX Coordinator were in the capacity of attorney for the institution.

### B. Counsel of Record

This lawsuit was filed by other lawyers representing Plaintiff on June 14, 2024. Doc. 1. Thereafter, also in June 2024, Plaintiff contacted Ms. Hollingsworth about representing him in this lawsuit. Doc. 53 at 4. By then, she was no longer employed by Tuskegee University.

On July 3, 2024, a new lawyer for Plaintiff, Tiffany Johnson Cole, filed a notice of appearance. Doc. 11. A few days later, initial counsel moved to withdraw. Doc. 12. On July 19, 2024, Ms. Hollingsworth moved to be admitted pro hac vice, which the Court granted. Doc. 22–23. She has been counsel of record along with Ms. Cole since then.

---

[1] In the Amended Complaint, Plaintiff's counsel is referred to by the name Mia Maxwell.

## II. PLAINTIFF'S MOTION TO QUASH DEPOSITION

Defendants noticed the deposition of Ms. Hollingsworth. Doc. 48-1. With the notice, Defendants included a request for specified documents. Plaintiff filed this motion seeking to quash the deposition notice and request for documents and to protect Ms. Hollingsworth from being deposed. *Id*. Defendants have since withdrawn the document request (Doc. 52 at 4 n.3), but they maintain their position that Plaintiff's counsel must sit for deposition because she is a necessary fact witness (Doc. 52).

Plaintiff does not directly dispute that Ms. Hollingsworth is a fact witness. Plaintiff contends Tuskegee University already possesses the facts known to Ms. Hollingsworth because she had to leave any related documents with Tuskegee upon her separation from employment. Additionally, Plaintiff contends Ms. Hollingsworth's deposition is not necessary because Tuskegee has already taken her deposition in a separate case. *See* Doc. 53.

Ms. Hollingsworth, as a pro se litigant, has sued Tuskegee University (along with individual defendants) related to her former employment as its Title IX Coordinator. *Hollingsworth v. Tuskegee Univ., et al.*, Case No. 3:23-cv-472-ECM-CWB. Her pro se lawsuit was filed on August 8, 2023, and it remains pending. Her deposition was taken in that case on April 30, 2024. *Id.* at Doc. 64-1 at 2. Plaintiff contends that Defendants in this case should not be permitted to take Ms. Hollingsworth's deposition because Tuskegee University (and the individual defendants named in her pro se case)[2] already took Ms.

---

[2] The individual defendants in this lawsuit are Gemechu Wirtu, Shaik Jeelani, Ruby Perry, and Olga Bolden-Tiller; these defendants are not named in Ms. Hollingsworth's lawsuit.

3

Hollingsworth's deposition in *her* lawsuit against them. This argument ignores that Ms. Hollingsworth was deposed in that case based on the allegations she presented on her own behalf. This argument also fails to appreciate that Ms. Hollingsworth was deposed in that case months before Plaintiff, Dr. Johnson, instituted this lawsuit against Tuskegee University and individual defendants, who are different from those who Ms. Hollingsworth sued.[3]

The Court finds that Ms. Hollingsworth is a fact witness as to events at issue in Plaintiff's case. Given her intimate involvement with matters relevant to the issues in this case, her status as Plaintiff's counsel cannot shield her from discovery in her capacity as a fact witness. *See Clay v. Kinsale Ins. Co.*, 2025 WL 1095446, at *2 (M.D. Ala. Apr. 11, 2025) (In a direct action where insurer sought attorney's testimony on the underlying consent judgment and attorney also represented the party in the direct action, the district court held, "That Williams is an attorney of record in this federal case does not shield him from sitting for a deposition concerning the facts and circumstances in the *underlying* case."). Because of Ms. Hollingsworth's involvement in the underlying facts in a non-lawyer capacity, her deposition is necessary to the Defendants' preparation of the case, including questioning her about relevant documents she created and decisions she made during her tenure with Tuskegee University. While Tuskegee may have possession of Title IX office's documents, Ms. Hollingsworth's knowledge about the documents and their

---

[3] In addition, Plaintiff's argument ignores the potential ethical dilemma and potential conflict between Ms. Hollingsworth's interests in advocating for herself in her case and her ethical obligation to advocate for the interests of her client.

4

creation, steps she took based on information in the documents (including those steps involving communications she had with Plaintiff), undocumented actions, and related matters cannot be obtained through review of documents alone. *See Simmons v. Sejong Alabama, LLC*, 2020 WL 13016468, at *3–4 (M.D. Ala. Dec. 23, 2020 (noting there are limited circumstances for a court to order the deposition of opposing counsel; it may be ordered where it is shown that "(1) no other means exists to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.") (citing *Lozman v. City of Riviera Beach*, 2014 WL 12619232, at *1 (S.D. Fla. May 2, 2014); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)). Likewise, Ms. Hollingsworth's prior deposition in an unrelated case cannot preclude her deposition about the claims presented here.

      Ms. Hollingsworth was not counsel for Tuskegee, and her testimony about actions during her tenure are not protected by an attorney-client privilege. Defense counsel has agreed to limit the scope of Ms. Hollingsworth's deposition to exclude the time after which she became engaged as counsel for Plaintiff, thereby limiting the deposition to her role as Title IX coordinator and her interactions with Plaintiff and related to Plaintiff's complaints before the existence of the attorney-client relationship. *See In re Grand Jury Matter No. 91-01386*, 969 F.2d 995, 997 (11th Cir. 1992) (citation omitted) ("The attorney-client privilege exists to protect confidential communications between client and lawyer made for the purpose of securing legal advice."); *see also United States v. Davis*, 636 F.2d 1028, 1044 (5th Cir. Unit A Feb.1981) (communications between attorney and client that "relate to matters other than the giving of legal advice . . . are outside the attorney-client

5

privilege."); *In re Cnty. of Erie*, 473 F.3d 413, 421 (2d Cir. 2007) ("When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, media expert, business consultant, banker, referee or friend, that consultation is not privileged."). Thus, the Court sustains any objection and Plaintiff's motion to the extent it relates to communications between Ms. Hollingsworth and Plaintiff *after* she became engaged as his counsel in this case.

During the hearing, the Court inquired whether Ms. Hollingsworth has engaged counsel for herself on the issue of her deposition, and she has not. Lead counsel for Plaintiff, Ms. Cole, did not appear at the Court's hearing. Without counsel for herself, the Court urges Ms. Hollingsworth to contact her state bar association regarding her engagement in this case to vet the ethical quandary these circumstances appear to raise.

DONE this 17th day of April, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE