IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RUSSELL JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CASE NO. 3:24-CV-360-KFP |
| TUSKEGEE UNIVERSITY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Compel (Doc. 40), Plaintiff's Supporting Brief (Doc. 41), Defendants' Response (Doc. 43), and Plaintiff's Reply (Doc. 44). Also before the Court is Plaintiff's Motion for Sanctions (Doc. 67) and Defendants' Response (Doc. 75). Both Motions are fully briefed and ripe for review. As the Motion for Sanctions relates to the underlying discovery dispute raised in the Motion to Compel, both motions will be resolved in this Order.

### I.   BACKGROUND

On January 6, 2025, Plaintiff filed a Motion to Compel pursuant to Fed. R. Civ. P. 33, 34, 37, seeking to compel Defendants' response to Interrogatory Request No. 1 (Request 1) and Document Request No. 1. Doc. 40. Submitted as an Attachment to Plaintiff's Supporting Brief (Doc. 41) is Defendants' "Responses to Plaintiff's First Interrogatories and Requests for Production." Doc. 41-2. This Attachment contains Interrogatory 1 (Doc. 41-2 at 4–5) and Request 1 (Doc. 41-2 at 5). Interrogatory 1 asks Defendants to "[i]dentify all employees present for the April 26, 2022, zoom meeting with

Dr. Johnson that was recorded by General Counsel, Crystal James," and further requests that "[f]or each person identified in this Interrogatory, state their name, position, address and telephone number." Doc. 41-2 at 4.

Despite objecting to the interrogatory, Defendants included a list of six individuals in their response, stating the individuals' full names and the job title of four of those individuals without including their addresses or phone numbers. Doc. 41-2 at 4–5. The job titles of Plaintiff and Plaintiff's father, Russell Johnson, Sr., were excluded from this list. Doc. 41-2 at 4–5. In response to Request 1, which sought the "Recording of Zoom meeting held on April 26, 2022," Defendants stated they "have no documents responsive to this request." Doc. 41-2 at 5.

Following briefing on the Motion, the Court ordered the parties to confer and either file notice showing the resolution of the discovery issues or file a chart highlighting the ongoing issues. Doc. 45. Plaintiff filed "Completed Chart Regarding Discovery Dispute" indicating that the discovery dispute was not resolved. Doc. 47 at 1. The Chart reflects that Defendants offered suggestions to resolve the discovery dispute, including "search for meeting invites" and organize "depositions of participants in the meeting [to] allow the parties to ask questions about the meeting's subjects and contents." Doc. 47 at 1.

Following Plaintiff's submission of the Chart, the Court entered another order requiring the parties to confer and ascertain the existence of the subject zoom meeting recording and file a joint status report. Doc. 58. In their Joint Status Report, the parties provided the following: "Tuskegee's IT Department conducted a thorough search for this Zoom recording, including searching through employees' emails and computers, as well as

2

communicating with Zoom to determine if the video was saved externally and/or could be retrieved from any other source." Doc. 60 at 1. The Account Manager for Tuskegee's Zoom confirmed that there were no recordings saved for the year of 2022. Doc. 60 at 2. Defendants further described that Tuskegee's Zoom Account is set to "store video recordings for thirty (30) days before they are automatically deleted," and that even after the auto deletion function, there is an additional thirty-day period allowing retrieval of "deleted video before automatic permanent deletion." Doc. 60 at 1–2. This means that Zoom recordings have a 60-day window from date of recording to permanent deletion, unless additional steps are taken to preserve the recording. Tuskegee confirmed that it "was unable to locate any such recordings within its computer system or within the email archives of any of its employees." Doc. 60 at 2. Consequently, the Motion remained unresolved, and Plaintiff subsequently filed his Motion for Sanctions. Doc. 67.

## II.   DISCUSSION

As the Motion to Compel and Motion for Sanctions are interrelated, the Court will assess the arguments in Plaintiff's Motion to Compel before discussing Plaintiff's Motion for Sanctions.

### A.   **Motion to Compel**

Plaintiff's Motion to Compel seeks a Court order requiring Defendants to produce evidence in response to Interrogatory 1 and Request 1. Doc. 41 at 5. Plaintiff claims that Defendants have failed to fully and completely respond to discovery requests. In addition, Plaintiff seeks attorney's fees for the preparation of the Motion and Brief. Doc. 41 at 5–6.

Defendants argue in their Response that they have complied with both discovery requests and that they do not possess the video recording Plaintiff requests.

### 1.     *Interrogatory 1*

Plaintiff claims that in response to Interrogatory 1, "Defendant[s] failed to name all employees present for the meeting." Doc. 41 at 2. Plaintiff claims that this was a failure to make full and complete responses to the Interrogatories in violation of Fed. R. Civ. P. 37(a)(3)(B)(iii). Doc. 41 at 5. In response, Defendants argue that they answered the question posed in the interrogatory "based on available information" and that even if there was an "unintentional omission" of a participant, Defendants have no formal records identifying the list of participants. Doc. 43 at 2.

"[A] motion to compel discovery is committed to the discretion of the trial court." *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984)). Rule 26(b)(1) "permits discovery 'regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (quoting Fed. R. Civ. P. 26(b)(1)). Under Rule 37(a)(3)(B), if "a party fails to answer an interrogatory submitted under Rule 33," the opposing party can move to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). "On a motion to compel discovery, the moving party has the burden of showing the information is relevant." *Sloan v. Burist*, 2024 U.S. Dist. LEXIS 188421, at *8 (S.D.

Ga. Oct. 16, 2024)[1] (quoting *Haley v. Delta Airlines, Inc.*, 2023 U.S. Dist. LEXIS 29773, at *6–7 (N.D. Ga. Jan. 20, 2023)).

Plaintiff's motion requests Defendants provide the names of "all employees present for the meeting." Doc. 41 at 2. Though Defendants initially objected to the interrogatory, they still complied by identifying participants and their job titles. Defendants claim that these responses were "based on witness recollection" since they "have no formal records identifying the participants in the meeting." Doc. 43 at 2. Defendants also indicated in the Chart that they have no objections to providing the list of participants. Doc. 47 at 1.

Rule 37(a)(4) requires that "evasive or incomplete" disclosures "must be treated as a failure to disclose." Fed. R. Civ. P. 37(a)(4). While Plaintiff claims that the response Defendants provided was incomplete, Defendants' response indicates the efforts taken to satisfy the request. "The Federal Rules of Civil Procedure do not demand perfection, and the occasional omission of relevant documents does not automatically warrant additional discovery." *Jones v. Whirlpool Corp.*, 2024 U.S. Dist. LEXIS 167139, at *6 (S.D. Ala. Sept. 17, 2024). Plaintiff's Reply speculates that Defendants' responses are inadequate because Defendants can refer to the "recording of the meeting" as well as "the meeting invites sent by e-mail to all participants." Doc. 44 at 3.

Plaintiff's request appears to be seeking "discovery on discovery," which courts approach with caution. *Jones*, 2024 U.S. Dist. LEXIS 167139, at *6. "[S]peculation of wrongdoing is insufficient to justify discovery on discovery, [but] it may be appropriate

---

[1] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

'where there is evidence of a specific deficiency in the production.'" *Id.* at *7 (quoting *Culliver v. BP Expl.*, 2022 U.S. Dist. LEXIS 241560, at *4 (N.D. Fla. Nov. 29, 2022)). To establish deficiency, the party seeking the materials has the burden of "pointing to produced documents or other evidence suggesting the existence of additional materials." *Id.*

Apart from claiming the existence of e-mail invitations and the missing video recording, Plaintiff presents no evidence of the "specific deficiency" in the produced participant list. *Jones*, 2024 U.S. Dist. LEXIS 167139, at *7. To the extent "wrongdoing" can be established here at all, Plaintiff has provided no basis outside of "speculation" which is wholly "insufficient to justify discovery on discovery." *Id.* Because Plaintiff has not met his burden in establishing Defendants were deficient in responding to the request, the Court finds that the Motion to Compel this interrogatory response is due to be denied.

    **2.**    *Request 1*

Plaintiff claims that in response to Request 1, Defendants "offered no substantive objection to producing the document," and thus, because "the document was admittedly in the care and custody of Defendant Tuskegee University," this was a failure to make full and complete responses to the Interrogatories in violation of Fed. R. Civ. P. 37(a)(3)(B)(iv). Doc. 41 at 5. Defendants argue that that they did "fully and completely respond[] to the request by stating 'Defendants have no documents responsive to this request.'" Doc. 43 at 2; *see also* Doc. 41-2 at 5.

Under Rule 37(a)(3)(B), if "a party fails to produce documents or fails to respond that inspection will be permitted" then the opposing party can move to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii). "On a motion to compel discovery, the moving party has the burden

6

of showing the information is relevant." *Sloan*, 2024 U.S. Dist. LEXIS 188241, at *8 (quoting *Haley*, 2023 U.S. Dist. LEXIS 29773, at *6–7). Though a Defendant is "required to produce information and documents within its possession, custody, or control, to the extent that no documents exist, [a] [c]ourt cannot compel the impossible." *Velez v. Evy L&L Servs., LLC*, 2019 U.S. Dist. LEXIS 223114, at *8 (M.D. Fla. Dec. 13, 2019).

For their part, Defendants did not object to this discovery request for the Zoom recording; instead, Defendants asserted that they "have no documents responsive to this request." Doc. 41-2 at 5. In addition, Defendants produced a narrative in the Joint Status Report documenting their efforts to locate the missing recording. Doc. 60. Plaintiff speculates that Defendants' response is "likely deceptive."[2] Doc. 44 at 4. Plaintiff provides the Court no basis supporting this allegation. Plaintiff specifies that even though Defendants stated that they did not have documents responsive to the request, that "Defendants do not assert that the recording does not exist or is not in their possession, custody or control." Doc. 44 at 4. Plaintiff also claims that Defendants' former General Counsel "Ms. James . . . should have known that the recording would be discoverable in the event of litigation." Doc. 41 at 4.

Plaintiff has not presented any argument showing the relevance of the requested Zoom recording. Instead, Plaintiff claims that at this stage it is Defendants' burden to offer an objection of relevancy or privilege regarding their production of the document. Doc. 44

---

[2] To support this assertion, Plaintiff cites to the case in which his counsel, Hollingsworth, is proceeding pro se, *Maxwell v. Tuskegee*, 3:23-CV-472-ECM-CWB (Doc. 55). Plaintiff claims that in both matters Defendant Tuskegee is being "deceptive." Doc. 44 at 4. He cites to no evidence in the record showing how Defendant Tuskegee's response was "deceptive" in either case.

7

at 2. Plaintiff misstates his obligation at this juncture: it is not *Defendants'* burden to offer an objection, but rather it is *Plaintiff's* burden to establish relevance because Defendants have not objected to production of the recording. *Sloan*, 2024 U.S. Dist. LEXIS 188241, at *8 (quoting *Haley*, 2023 U.S. Dist. LEXIS 29773, at *6–7).

Defendants have not objected to the discovery request, and their Response to the Motion and the Joint Status Report reflects that even after a search for the missing recording, they cannot locate the recording. Doc. 60. As Defendants have not objected and have presented the efforts they have undertaken to recover the recording, and Plaintiff has failed to satisfy his burden of establishing relevancy of the recording, the Court finds that Defendants cannot be compelled to produce documents that do not exist. *See Velez*, 2019 U.S. Dist. LEXIS 223114, at *8.[3]

### B.    Motion for Sanctions

Plaintiff's Motion for Sanctions seeks sanctions "for violation of the discovery process through the destruction of and/or failure to preserve or make available requested documents during discovery." Doc. 67 at 1. Plaintiff alleges that under Rule 37(e), Defendants had an obligation to preserve video evidence from the April 26, 2022, Zoom meeting. Doc. 67 at 2.

"Spoilation [of evidence] is 'defined as the destruction of evidence or the significant and meaningful alteration of a document or instrument.'" *Tesoriero v. Carnival Corp.*, 965

---

[3] The record reflects Defendants offered to allow depositions of meeting participants "to ask [them] questions about the meeting's subjects and contents," (Doc. 47 at 1), but it does not reflect Plaintiff pursued that option. This apparent lack of interest undermines a claim that the zoom meeting's contents are relevant.

F.3d 1170, 1184 (11th Cir. 2020) (quoting *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1308 (11th Cir. 2003)). "Because spoilation is an evidentiary matter, federal law governs the imposition of spoilation sanctions." *Id.* (internal quotations removed).

"Rule 37(e) creates a two-tiered sanctions regime—with lesser sanctions under Rule 37(e)(1) and more severe sanctions under Rule 37(e)(2)." *Skanska USA Civ. Se. Inc. v. Bagelheads, Inc.*, 75 F.4th 1290, 1311 (11th Cir. 2023). To justify sanctions under either subsection, two preconditions must be met: "(1) 'electronically stored information that should have been preserved in the anticipation or conduct of litigation' was 'lost because a party failed to take reasonable steps to preserve it' and (2) that information 'cannot be restored or replaced through additional discovery.'" *Id.* at 1311. The preconditions can be condensed to an inquiry involving "three preliminary questions" that must be resolved "before determining whether sanctions should be imposed under the Rule's subsections.'" *McMurray v. Formel D*, 2021 U.S. Dist. LEXIS 259766, at *29 (N.D. Ala. Mar. 30, 2021) (quoting *AXIS Ins. Co. v. Terry*, 2018 U.S. Dist. LEXIS 230516, at *12 (N.D. Ala. Apr. 23, 2018)). "The court must determine whether (1) the party had a duty to preserve the ESI at issue; (2) the ESI was lost because the party failed to take reasonable steps to preserve it; and (3) the ESI evidence cannot be restored or replaced through additional discovery." *Id.* at *29–30. If the "preconditions are met, the court may sanction under Rule 37(e)(1) if there is a finding of prejudice or, Rule 37(e)(2), if regardless of prejudice, 'the party acted with the intent to deprive another party of the information's use in the litigation.'"

*Pennington v. Tuscaloosa Cnty.*, 2024 U.S. Dist. LEXIS 215174, at *9 (N.D. Ala. Nov. 26, 2024) (quoting *Shanska*, 75 F.4th at 1311).

When considering whether Defendants had a duty to preserve the recording, the courts must look to "when litigation is 'pending or reasonably foreseeable.'" *McMurray*, 2021 U.S. Dist. LEXIS 259766, at *30 (quoting *Oil Equip. Co. Inc. v. Mod. Welding Co.*, 661 F. App'x 646, 652 (11th Cir. 2016)); *see also Gemza v. Zhao*, 759 F. Supp. 3d 1326, 1330 (N.D. Ga. 2024) ("[I]f [the defendant] owed any document preservation duty to Plaintiffs, it arose only when [the defendant] could have reasonably foreseen civil litigation." (second and third alterations in original) (quoting *In re Delta/AirTran Baggage Fee Antitrust Litig.*, 770 F. Supp. 2d 1299, 1307 (N.D. Ga. 2011))). Further, "the mere fact that someone is injured, without more, is not notice that the injured party is contemplating litigation sufficient to automatically trigger the rules of spoilation." *Id.* at 1331 (internal quotations removed). "More importantly here, [t]he defendant's duty also does not arise *merely* because the defendant investigated the incident." *Id.* (alteration in original) (internal quotations removed).

Plaintiff concedes that the earliest time litigation was threatened prior to this action, was on September 26, 2022, when Plaintiff sent a demand letter to Tuskegee. Doc. 67 at 2; *see also* Doc. 75 at 4–5. Prior to the sending of this demand letter, the Zoom meeting occurred on April 26, 2022. Doc. 67 at 2. As described earlier, Defendants' Zoom Account has a 60-day window of time from the date of recording to the date of permanent deletion. Doc. 60 at 1–2. The Court can infer based on this timeline, that if no further action was

10

taken by Defendants after April 26, 2022, to preserve the contents of the Zoom meeting, by approximately June 25, 2022, this recording would be permanently deleted.

Under the specific circumstances of this case and the timeline of events here, and given Plaintiff's acknowledgement that Plaintiff put Defendants on notice of litigation on September 26, 2022; this is the date on which the duty arose to preserve the video recording. While Plaintiff asserts that "the meeting was recorded and stored on the computer of Defendants' former Counsel Crystal James," (Doc. 67 at 2), Plaintiff has not established that even if this recording was made that the recording existed at the time that the duty arose in September. Without bridging the gap, Plaintiff contends that "the meeting evidence should have been preserved,"[4] even while acknowledging that five months had elapsed between the meeting date and the formal demand letter. Doc. 67 at 2. Plaintiff cites to no evidence supporting the conclusion that the Zoom meeting evidence was preserved for any longer than 60 days after April 26, 2022.

Plaintiff has failed to establish that Defendants had a duty to preserve that led to the spoilation of evidence. Because Plaintiff has not satisfied the preconditions for sanctions under Rule 37(e), any further analysis under either subsection (1) or (2) is unwarranted. For this reason, the Court finds that the Motion for Sanctions is due to be denied.

## III.   CONCLUSION

Based on the foregoing analysis, it is ORDERED that Plaintiff's Motion to Compel (Doc. 40), and Plaintiff's Motion for Sanctions (Doc. 67) are DENIED.

---

[4] It is also worth underscoring that Plaintiff was a party to this Zoom meeting. *See* Doc. 44 at 3.

11

DONE this 28th day of August, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE