IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RUSSELL JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-CV-360-KFP |
| | ) | |
| TUSKEGEE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Disqualify. Doc. 63. Defendants argue that Plaintiff's counsel, Mia Hollingsworth, is due to be disqualified from participating as counsel in this case due to her status as a necessary and material fact witness and for violating the Alabama Rules of Professional Conduct and the Local Rules of the Middle District of Alabama. *Id.* at 1. The Motion is fully briefed and ripe for review.

**I.   LEGAL STANDARD**

A "court[] ha[s] the inherent authority to regulate [the] professional conduct" of attorneys appearing before it. *Hershewe v. Givens*, 89 F. Supp. 3d 1288, 1290 (M.D. Ala. 2015) (quoting *In re Gopman*, 531 F.2d 262, 266 (5th Cir. 1976)).[1] However, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Schlumberger Techs. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). "The party bringing the motion to disqualify bears the burden of proving the grounds

---

[1] Opinions issued by the former Fifth Circuit prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

for disqualification." *Perez v. City of Hialeah*, 526 F. Supp. 3d 1304, 1312 (S.D. Fla. 2020) (quoting *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006) (per curiam)). In reaching a decision to disqualify an attorney, "[t]he court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Herrmann*, 199 F. App'x at 752 (alteration in original) (quoting *Schlumberger*, 113 F.3d at 1561). "Motions to disqualify are governed by two sources of authority. First attorneys are bound by the local rules of the court in which they appear." *Id.* "Second, federal common law also governs attorneys' professional conduct because motions to disqualify are substantive motions affecting the rights of the parties." *Id.*

Further, "[a]ttorneys who practice before the Middle District of Alabama must 'adhere to . . . th[e] Court's Local Rules, the Alabama Rules of Professional Conduct, the Alabama Standards for Imposing Lawyer Discipline, and, to the extent not inconsistent with the preceding, the American Bar Association Model Rules of Professional Conduct.'" *Hershewe*, 89 F. Supp. 3d at 1290–91 (second alteration in original) (quoting M.D. Ala. L.R. 83.1(g)). In particular, "[t]hese local rules represent controlling obligations on attorneys appearing in this court." *Id.* at 1291 (quoting *Green v. Montgomery Cnty., Ala.*, 784 F. Supp. 841, 842 (M.D. Ala. 1992)). Notably, "the ethical standards that govern attorneys who practice before a federal court are determined by federal and not state law," and "the court is not bound by state-court interpretations of [the Alabama State Bar's] rules." *Id.*

"While 'a party is presumptively entitled to the counsel of his choice, that right may be overridden [] if [a] compelling reason[] exist[s].'" *Nealy v. Warner Chappell Music, Inc.*, 741 F. Supp. 3d 1257, 1259 (S.D. Fla. 2024) (alterations in original) (quoting *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)). A court's decision to disqualify an attorney "'is a harsh sanction, often working substantial hardship on the client' and should therefore 'be resorted to sparingly.'" *Herrmann*, 199 F. App'x at 752 (quoting *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982)).

## II.   BACKGROUND

### A.   Hollingsworth's Role as Title IX Coordinator

Before Hollingsworth initiated her representation of Plaintiff in this matter against Tuskegee University, she served as Tuskegee's Title IX Coordinator under the name Mia Maxwell. It is not disputed that Mia Maxwell is the same individual as Mia Hollingsworth who is now representing Plaintiff. *See* Doc. 81 at 4 n.4.[2] While Hollingsworth was employed as Tuskegee's Title IX Coordinator in 2022, Plaintiff's Title IX complaints[3] were forwarded to the Title IX Office. Doc. 81 at 4. The complaints forwarded in January 2022 involved Plaintiff's "gender disparity and retaliation" claims underlying this action.

The transferred complaints were ultimately resolved on March 31, 2022, when the Title IX Hearing Board determined that there was no Title IX violation arising from the consolidated September 2020 and February 2021 complaints. Doc. 81 at 4.

---

[2] For purposes of describing the factual basis underlying this Motion, the Court refers to the undisputed facts per the Court's Memorandum Opinion and Order. Doc. 81.

[3] As referenced in the Court's Opinion and Order (Doc. 81), Plaintiff's complaints are based in a series of formal and informal complaints filed with Tuskegee in September 2020 and February 2021.

Separately, Plaintiff later filed a retaliation complaint against a member of Tuskegee University's faculty, Dr. Ruby Perry, in April 2022. Doc. 81 at 5. Hollingsworth transferred this April 2022 complaint to the Office of Graduate Studies and Research because it did not have a basis in Title IX law. Doc. 81 at 5.

In addition, Plaintiff brought another Title IX claim to Hollingsworth involving allegations that Drs. Wirtu and Perry retaliated against Plaintiff for resigning from his dissertation's advisory committee. Doc. 81 at 5. Her role involved investigating this complaint by conducting interviews and speaking with faculty, drafting findings on the investigation, and drafting the Title IX Decision Summary. Doc. 81 at 11.

B. **Relevant Procedural History**

Plaintiff brought this action on June 14, 2024, and was initially represented by Algert S. Agricola, Jr., and Barbara H. Agricola. Doc. 1. Following withdrawal of Plaintiff's counsel (Docs. 12, 13), Mia Hollingsworth moved to appear pro hac vice in this case. Doc. 22. The Court granted this motion, and Mia Hollingsworth has since been serving as counsel in this matter with local counsel Tiffany Johnson-Cole. *See* Docs. 22, 23.

On February 17, 2025, following receipt of Defendants' "Re-Notice of Deposition and Request for Production of Documents" dated February 7, 2025, (Doc. 48-1), Hollingsworth filed a Motion to Quash (Doc. 48) asserting the Notice was "harassment" and claiming that "there is no information unknown to Defendants to be gained from deposing Plaintiff's counsel other than privileged matter regarding litigation strategy and work product." Doc. 48 at 3–4.

4

Defendants opposed the motion and emphasized the importance of the deposition for their ability to properly investigate the Complaint. Doc. 52 at 5. They further explain that at the time of this Response, they chose to "not file a knee-jerk Motion to Disqualify based on the apparent conflict of interest," and instead sought "to explore the underlying facts" in order to defend against the case" and "determine whether a Motion to Disqualify is appropriate under the circumstances." Doc. 52 at 7 n.4.

After a hearing, the Court entered an order (Doc. 59) denying Plaintiff's Motion (Doc. 48) and finding that "Hollingsworth is a fact witness as to events at issue in Plaintiff's case" and that due to "her intimate involvement with matters relevant to the issues in this case, her status as Plaintiff's counsel cannot shield her from discovery in her capacity as a fact witness." Doc. 59 at 4.

On June 11, 2025, Defendants then filed this Motion to Disqualify. Doc. 63.

### III.  DISCUSSION

In their Motion to Disqualify, Defendants argue Mia Hollingsworth is due to be disqualified as Plaintiff's counsel due to Hollingsworth's (1) role as a necessary and material fact witness and (2) the conflict of interest raised by her representation. Doc. 63 at 1, 11. Each of these arguments is discussed in turn.

#### A.  <u>Necessary Witness</u>

Defendants argue that Hollingsworth is a necessary witness whose testimony does not fall within an exception to Rule 3.7(a) of the Alabama Rules of Professional Conduct. Doc. 63 at 6–10. In her Response, Hollingsworth argues that her representation falls under

an exception as her disqualification would cause "substantial harm" to Plaintiff. Doc. 69 at 6–7.

Rule 3.7(a) bars a lawyer from serving as an advocate in a trial when "the lawyer is likely to be a necessary witness, except where: (1) [t]he testimony relates to an uncontested issue; (2) [t]he testimony relates to the nature and value of legal services rendered in the case; or (3) [d]isqualification of the lawyer would work substantial hardship on the client." *Hershewe*, 89 F. Supp. at 1291–92 (alterations in original) (quoting Ala. R. Prof. Conduct 3.7(a)). "'[A] necessary witness is one who has crucial information in his possession which must be divulged' and whose testimony is 'relevant, material, and unobtainable elsewhere.'" *Id.* at 1292 (alteration in original) (quoting *Lane v. State*, 80 So. 3d 280, 300 (Ala. Crim. App. 2010)). "The necessity standard requires more than mere speculation that counsel will be required to testify." *Pigott v. Sanibel Dev., LLC*, 2007 U.S. Dist. LEXIS 68623, at *4 (S.D. Ala. Sept. 17, 2007) (quoting *Bradford v. State*, 734 So. 2d 364, 369 (Ala. Crim. App. 1999)). "Rules of professional conduct generally disapprove of lawyers testifying at proceedings in which they are also advocates." *Putman v. Head*, 268 F.3d 1223, 1246 (11th Cir. 2001).

Because the Court has granted summary judgment (Doc. 81), there is now no reasonable expectation of trial in this case. Thus, the arguments Defendants raise concerning the likely prejudice Defendants will encounter if Hollingsworth were to serve at trial in the "dual role of counsel for [Plaintiff] and fact witness" are moot. Doc. 63 at 8. For these reasons, the Court finds that Defendants' Rule 3.7(a) arguments are due to be dismissed.

## B. <u>Conflict of Interest</u>

Defendants also allege in their motion that Hollingsworth has a conflict of interest in violation of Rule 1.7(b) for her continued representation in this case involving (1) her prior role as the Title IX Coordinator at Tuskegee, and (2) her own pro se discrimination action against Tuskegee. Defendants argue that Hollingsworth cannot meet the two qualifications for exception under this rule because Hollingsworth could not reasonably believe her representation of Plaintiff will not be adversely affected. Hollingsworth argues that this rule is not applicable because she "does not owe the duty of a practicing attorney or fiduciary to Tuskegee University or any of the other Defendants as a former client or third party." Doc. 69 at 7. She further claims that "the rules of professional conduct to which practicing attorneys are bound do not apply to Title IX Coordinators." Doc. 69 at 7–8.

Under Rule 1.7(b), "[a] lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or a third person, or by the lawyer's own interests." Ala. R. Prof. Conduct 1.7(b). The exceptions to this rule allow for representation if "(1) [t]he lawyer reasonably believes the representation will not be adversely affected; and (2) [t]he client consents after consultation." *Id.* The comments to the Rule emphasize that "reasonabl[e] belie[f]" in the context of (b)(1) is defined as "when a disinterested lawyer would conclude that the client should not agree to the representation under the circumstances[.]" *Id.* cmt.

"The party moving for an attorney's disqualification under Rule 1.7 . . . bears the burden of proving the existence of a conflict of interest." *Ex parte Tiffin*, 879 So. 2d 1160,

7

1164 (2003). "Rule 1.7(b) governs 'simultaneous representation of parties whose interests in litigation may conflict, such as coplaintiffs or codefendants." *Id.* "At a minimum, a party seeking disqualification for the conflict addressed in Rule 1.7 must demonstrate (1) that it is a current *client* of the lawyer whose representation is challenged, and (2) that the party's interests 'conflict' with the interests of the other client, or with the interests of the lawyer." *Id.* at 1165. "Ordinarily, therefore, a stranger to the attorney-client relationship lacks standing to assert a conflict of interest in that relationship." *Id.* (internal quotations removed). "[A]s a general rule, courts do not disqualify an attorney on the grounds of conflict of interest unless the [current or] former *client* moves for disqualification." *Id.* (second alteration in original) (quoting *Lowe v. Graves*, 404 So. 2d 652, 653 (Ala. 1981).

While the Alabama Rules of Professional Conduct do not directly bar an opposing party from bringing a motion for disqualification under Rule 1.7, the Comments urge courts to exercise caution when considering a motion brought by an oppositional party. *Hershewe*, 89 F. Supp. 3d at 1293. "Where the conflict [of interest] is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question." *United States v. Jefferson Cnty.*, 2008 U.S. Dist. LEXIS 129748, at *22 (N.D. Ala. Jan. 16, 2008) (quoting Ala. R. Prof. Conduct 1.7 cmt.); "[B]ecause a motion for disqualification is such a potent weapon and can be misused as a technique of harassment, the court must exercise extreme caution in considering it to be sure it is not being used to harass the attorney sought to be disqualified, or the party he represents." *Crum v. Alabama*, 453 F. Supp. 2d 1323, 1332 (M.D. Ala. 2001) (internal quotations removed).

The first question to address here is whether Defendants as the opposing party meet the substantive requirements to bring a claim under Rule 1.7(b). *Hershewe*, 89 F. Supp. 3d at 1293. While Rule 1.7(b) conflicts may involve a conflict between a lawyer's current or former client and a third party, it is key that the individual raising the conflict of interest is an individual who is or was a client. *Ex parte Tiffin*, 879 So. 2d at 1164.

Here, Defendants would fall into the category of "third party"; Defendants were never a client of Hollingsworth. Defendants do not articulate an argument in their Motion describing how they satisfy the substantive requirements to bring a claim under Rule 1.7(b). *Ex parte Tiffin*, 879 So. 2d at 1164 ("At a minimum, a party seeking disqualification for the conflict addressed in Rule 1.7 must demonstrate (1) that it is a current *client* of the lawyer whose representation is challenged, and (2) that the party's interests 'conflict' with the interests of the other client, or with the interests of the lawyer."). For this reason, the Court finds that it cannot proceed any further in deciding whether a conflict of interest exists under Rule 1.7(b).

Instead of focusing on this initial question, Defendants' argument focuses on why the exceptions under Rule 1.7(b) do not apply. Defendants argue that because a disinterested lawyer could not find the client-lawyer relationship between Hollingsworth and Plaintiff reasonable in light of the conflict, Plaintiff could not meaningfully consent to this representation. Doc. 63 at 11–12.

The Northern District has examined the application of Rule 1.7(b) when a conflict issue was raised by an opposing party. In *Lavender v. Protective Life Corp.*, Protective moved to disqualify Beeman, who was of counsel to the law firm representing the plaintiff,

9

Lavender. Lavender was a former Protective employee. 2017 U.S. Dist. LEXIS 13564, at *1 (N.D. Ala. Jan. 31, 2017). Beeman formerly had "an attorney-client privilege relationship" with Protective, and during the time frame underlying the events in the lawsuit, he served in a non-litigation role for Protective. *Id.* at *13–14. Critically, *while* he was in this non-litigation role, he involved himself as "of counsel" with an outside law firm that was representing Lavender in a suit against Protective. *Id.* at *5–6. When considering the motion to disqualify, the court found "Rule 1.7(b) precludes Beeman from representing a client when doing so may be limited by his responsibilities to another client, a third person, or by the lawyer's own interests." *Id.* at *15. The court recognized that "a conflict of interest raised by a former client, and now opposing party, should be viewed with caution," due to the risk of harassment, but ultimately found that the "fair or efficient administration of justice" was called into question and was properly raised by opposing counsel. *Id.* at *18.

In *Lavender*, the court found "Protective [] qualifies as a non-client 'third person,'" *id.* at *16, and ultimately this determination featured into the court's finding that Protective established a violation of Rule 1.7(b), *id.* at 18–19. Tuskegee, however, cannot qualify as a non-client third person under the Rule as there is no evidence that Hollingsworth represented Plaintiff while she was employed at Tuskegee. In *Lavender*, Beeman previously did represent his company. *Id.* *15. Likewise, Beeman was *still* an employee of Protective who stood to gain financially from his employment at Protective while serving as "of counsel" for a different organization in litigation against his employer. *Id.* 16. In addition, the Court emphasized that critical to his violation for Rule 1.7(b) was his failure

10

to obtain consent "from both parties[]" by not even disclosing his involvement in the outside law firm to Lavender and also by concealing his activities in the law firm from Protective entirely. *Id.* at 17–18. Here, while Hollingsworth served Tuskegee University in a managerial role, Tuskegee was never Hollingsworth's client, and Defendants never allege Hollingsworth needed consent from Tuskegee to serve as counsel to Plaintiff.

For the reasons stated above, Defendants have not shown why the general rule preventing opposing counsel from raising a disqualification motion based on conflict of interest does not apply.

## IV.   CONCLUSION

In addition to the arguments Hollingsworth presented in response to Defendants' Motion, Hollingsworth remarkably alleges that she is not bound by the Alabama Rules of Professional Conduct because she is "a Georgia licensed attorney." Doc. 69 at 3. For this reason, Hollingsworth asserts she "was not required" to review the Alabama Rules of Professional Conduct as she is only "making an *appearance* Pro Hac Vice and is not *admitted* to practice in the Middle District of Alabama." Doc. 69 at 5. Hollingsworth argues that her admission pro hac vice "is a distinction with a difference," but she fails to offer any support for this argument. She contends her Georgia admission requires compliance with Georgia rules, like those governing professional conduct, but her pro hoc vice appearance in this District does not require adherence to the rules applicable to those admitted to this Court like the Alabama Rules of Professional Conduct. To the contrary, the Middle District's Local Rules governing appearance pro hac vice provide that an attorney can *appear* pro hac vice if they are "*admitted* pro hac vice" by court order. M.D.

Ala. Loc. R. 83.1(b)(1) (emphasis added). Hollingsworth's attempt to contort a distinction between "appearance" and "admission" placing her above the rule of law is an incredible attempt to sidestep the standards for professional conduct included under this same rule heading applying to all "[a]ttorneys admitted to practice before this Court." M.D. Ala. Loc. R. 83.1(g). This Rule does not create any distinction with a difference between admission pro hac vice and admission by any other means and it certainly does not excuse counsel from adherence to the rules of professionalism.

As an attorney seeking admission to practice in the State of Alabama (Doc. 69 at 4), Hollingsworth is cautioned to familiarize herself with the Alabama Rules of Professional Conduct, and Hollingsworth is reminded that the Middle District's Local Rules make the Alabama Rules of Professional Conduct applicable to her practice while she appears pro hac vice in this Court.

For the reasons articulated above, it is ORDERED that Defendants' Motion to Disqualify (Doc. 63) is DENIED.

DONE this 29th day of August, 2025.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE